IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| Joseph J. Burns | : | |
|---|---|---|
| | : | Chapter Seven |
| Debtor | : | Case No. 5-bk-07-50140 RNO |
| | : | |
| Commonwealth of Pennsylvania, Thomas W. Corbett, Jr. Attorney General | : | Adv. No. 5-ap-07-50121 RNO |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **{Nature of Proceeding:** Counterclaim by Debtor that Attorney General's Office Violated the Automatic Stay - § 362(k)**}** |
| | : | |
| Joseph J. Burns | : | |
| | : | |
| Defendant | : | |

# **Opinion**[1]

In this adversary proceeding, the Debtor, Joseph J. Burns ("Debtor"), filed a counterclaim against the Attorney General of the Commonwealth of Pennsylvania ("Attorney General"), claiming a violation of the automatic stay. The alleged violation was the Attorney General's commencement of a post-petition state court action against the Debtor. For the reasons stated herein, I find the Attorney General's actions are included in the police powers exception to the automatic stay, and thus there was no stay violation.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(C) and (O).

**Facts**

**1.      Bankruptcy Case**

The Debtor filed a Chapter 13 petition on January 22, 2007. The Debtor voluntarily converted the case to Chapter 7 on March 15, 2007. The Attorney General filed an adversary proceeding against the Debtor on July 6, 2007, seeking a determination of the non-

---

[1]Drafted with the assistance of Jason Berger, Intern.

dischargeability of certain debts alleged to have arisen from violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201, et. seq. The violations were alleged to have taken place in the Debtor's operation of a home repair and construction business. On December 17, 2007, the Debtor, as part of his answer to the Attorney General's proceeding for non-dischargeability, filed a counterclaim alleging the Attorney General violated the automatic stay. (Def.'s Answer, Doc. No. 12, 5-07-ap-50121RNO). It is this counterclaim with which the Court now deals. A second counterclaim, against certain individuals who had complained to the Attorney General about the Debtor's work, was withdrawn by the Debtor prior to trial. A prior Opinion was issued on the merits of the dischargeability on July 11, 2008,[2] and the only matter outstanding is the instant counterclaim.

## 2. State Cases Involving the Debtor

In order to properly understand the issue with which the Court is now presented, the procedural history of the state court cases forming the basis of the counterclaim must be examined. On December 19, 1996, the Pennsylvania Luzerne County Court of Common Pleas approved an agreement permanently enjoining the Debtor from conducting a home building or repair business. (Pl.'s Am. Compl. ¶ 12). A further court order was entered on November 24, 2003, clarifying the terms of the earlier agreement. (Pl.'s Am. Compl. ¶ 13). On September 30, 2005, the state court entered an order providing a mechanism for the Debtor to resume business as a home repair contractor. (Pl.'s Am. Compl. ¶ 14). On September 27, 2007, without seeking relief from stay in this Court, the Attorney General filed a contempt petition in the Pennsylvania Luzerne County Court of Common Pleas, seeking sanctions against the Debtor for allegedly violating the previously mentioned state court orders. (Pl.'s Am. Compl. ¶ 17; Def.'s Ex. 1).

The Attorney General included four prayers for relief in the post-petition state court action. First, it sought to have the Debtor cited for civil contempt. Second, the Attorney General sought to have the terms of the original injunctions of December 19, 1996, and November 24, 2003, reinstated. Third, the Attorney General wanted the Debtor held liable to the Commonwealth of Pennsylvania for consumer restitution. Fourth, the Attorney General sought to have the Debtor held liable to the Commonwealth of Pennsylvania for appropriate civil

---

[2]*In re Burns*, 2008 WL 2782659, slip op. (Bankr. M.D.Pa. 2008).

Case 5:07-ap-50121-RNO    Doc 40    Filed 08/07/08    Entered 08/07/08 14:14:33    Desc
Main Document      Page 2 of 8

penalties. The Debtor filed a motion in state court to stay all four of these state court claims pursuant to the automatic stay of 11 U.S.C. § 362(a).[3] On January 2, 2008, the state court entered an order denying the Debtor's motion to stay the Attorney General's first two prayers for relief and granting the motion to stay the Attorney General's last two prayers for relief. The Attorney General was only stayed from seeking consumer restitution and civil penalties pending either an order from the Bankruptcy Court permitting these actions to proceed or, the conclusion of the Debtor's bankruptcy case. (Def. Ex. 5). Thus, the Attorney General was allowed to proceed in state court to seek civil contempt and a reinstatement of the original injunctions of December 19, 1996, and November 24, 2003.

On March 25, 2008, an Order was entered in the state court finding in favor of the Attorney General on its first two prayers for relief. The Debtor was found to be in contempt of the court's order of September 30, 2005, and in contempt of the settlement of December 19, 1996. The court further found the Debtor to have violated the Unfair Trade Practices and Consumer Protection Law. The Debtor was enjoined from entering into any home improvement, home repair, or home remodeling contracts. (Pl.'s Ex. 1). This matter is currently on appeal in the Pennsylvania Superior Court.

**Analysis**

**1.     Overview of the Automatic Stay and Relevant Exceptions.**

Section 362(a) of the Bankruptcy Code provides for an automatic stay in bankruptcy. This stay prohibits the initiation or continuation of most legal proceedings against a debtor following the initiation of a bankruptcy case. § 362(a)(1) and (6). Section 362(a)(1) prohibits:

> (1) the commencement or continuation, . . . [of any legal proceeding] . . . that was or could have been commenced before the commencement of the [bankruptcy] case . . . or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case . . . § 362(a)(1).

Section 362 (a)(6) prohibits "any act to collect, assess, or recover a claim against the

---

[3]Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

-3-

debtor that arose before the commencement of the [bankruptcy] case . . . ." § 362(a)(6). Additionally, enforcing money judgments outside of the bankruptcy court's purview is a violation of the automatic stay. § 362(a)(2). However, there are certain exceptions where the automatic stay will not prevent the institution or continuation of a legal proceeding against a debtor. § 362(b). The exception most relevant here is the exercise by a governmental unit of its police or regulatory powers pursuant to § 362(b)(4). This exception allows a governmental unit to enforce its police or regulatory power, including through ". . . the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power; . . ." § 362(b)(4).

### 2. Police and Regulatory Powers

As was noted by the Third Circuit Court of Appeals in *Penn Terra Ltd. v. Department of Environmental Resources, Com. of Pa.*,[4] § 362(b)(4):

> . . .excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, *consumer protection*, safety, or similar police or regulatory laws, or *attempting to fix damages for violation of such law*, the action or proceeding is not stayed under the automatic stay. *Penn Terra Ltd. v. Department of Environmental Resources, Com. of Pa.*, 733 F.2d 267, 272 (3d Cir. 1984) [hereinafter "*Penn Terra*"] (citing S.Rep. No. 95-989 at 52, 1978 U.S.Code Cong. & Ad.News at 5787, 5838; H. Rep. No. 95-595 at 343, 1978 U.S.Code Cong. & Ad.News at 6299) (emphasis added).

Courts have noted that the language and legislative history of § 362(b)(4) is clearly intended to allow an action for consumer protection to proceed to the point of money judgment. *In re Asset Control Co. of North Carolina*, 90 B.R. 192, 195 (Bankr. D.S.C. 1988) (action alleging usurious lending and unfair or deceptive commercial practices).

### 3. Restitution and Consumer Protections

---

[4] Penn Terra deals with a previous version of the Bankruptcy Code where § 362(b)(4) was split into two sections, § 362(b)(4) and § 362(b)(5). Section 362(b)(4) excepted from the automatic stay actions by governmental units to enforce police or regulatory powers. Section 362(b)(5), an "exception to the exception", prohibited the enforcement of money judgments obtained in those actions. The current version of § 362(b)(4) is roughly the equivalent of combining these two sections into one section of the Bankruptcy Code.

-4-

A governmental unit's action for restitution on behalf of individuals aggrieved by a debtor can fall within the police and regulatory power exception to the automatic stay. *See., e.g.*, *E.E.O.C. v. McLean Trucking Co.*, 834 F.2d 398, 402 (4th Cir. 1987). In *E.E.O.C. v. McLean Trucking Co.*, the Equal Employment Opportunity Commission sued, in part, to obtain back pay for victims of discrimination. *Id.* The Fourth Circuit noted that "[the] EEOC [was] still proceeding in the exercise of its police or regulatory power when it [sought] to recover back pay for the victims of alleged unlawful discrimination so as to be exempt from the automatic stay until its prayer for monetary relief is reduced to judgment." *Id.* at 402. Analogizing back pay to restitution is a logical step, and in fact, it is a step undertaken by most of the courts which have considered the issue. *See, e.g.*, *In re First Alliance Mortg Co*, 264 B.R. 634, 651 (C.D.Cal. 2001). Furthermore, in a case much like the one at bar, *In re Luskin's, Inc*., the District Court of Maryland found that a Consumer Protection Division's institution of an enforcement action seeking restitution on behalf of wronged consumers was a "legitimate use of its police power and/or regulatory power even though it [sought] to reduce a monetary claim to judgment." *In re Luskin's, Inc.*, 213 B.R. 107, 111 (D.Md. 1997). In *Luskin*, the court found that the Consumer Protection Division of the Maryland Attorney General's office was "asserting more than a pecuniary interest of the State" in seeking restitution on behalf of wronged consumers. *Id.* at 111. The Consumer Protection Division was also "implement[ing] the broader statutory purpose of protecting the public interest." *Id.* at 111 (citations omitted). In a similar case, the bankruptcy court for the Northern District of Georgia held:

> In the instant case, Movant is, without question, a governmental unit. The gravamen of Movant's Complaint is an action to stop consumer fraud. Movant seeks an injunction, imposition of a fine, and payment of restitution, all of which appear to be aimed at enforcing Movant's regulatory power. Movant's complaint does not seek recompense for any pecuniary damage it suffered at the hands of Debtor. Nor does Movant seek to enforce third parties' contracts with Debtor. A proceeding which seeks restitution is not deprived of the applicability of exceptions to the automatic stay merely because restitution bears a direct relationship to actual pecuniary losses. *See, In re Whitaker*, 16 B.R. 917 (M.D.Tenn. 1982); *In re Farrell*, 43 B.R. 115 (M.D.Tenn. 1984). The Complaint shows that Movant's purpose in filing the state court proceeding was to enforce governmental regulatory powers, not to collect a debt. Therefore, § 362(b)(4) is applicable to except

-5-

> Movant's lawsuit from the operation of the automatic stay. As Movant's conduct did not violate the automatic stay, Debtor's contempt motion must be denied. *In re Family Vending, Inc.*, 171 B.R. 907, 909 (Bankr. N.D.Ga. 1994) (citations omitted).

Similar to the above cases, this matter, in part, involves a governmental agency seeking restitution on behalf of individuals for wrongs allegedly committed by the Debtor pre-petition. The Attorney General is seeking restitution on behalf of individuals purportedly wronged by the Debtor as well as penalties on behalf of the Attorney General. I find that, in this case, the Attorney General, as part of its mandate to ensure consumer protection, is seeking restitution not only to assist those who were allegedly harmed by the Debtor's conduct, but also to fulfill the broader goal of protecting the public at large from unsavory practices. Likewise, the penalties being sought by the Attorney General are not for the pecuniary interest of the State, but are being sought as part of the State's mission to protect its consumers under the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Therefore, since the actions taken by the Attorney General heretofore constitute an exercise of its police and regulatory powers, I find those action are excepted from the automatic stay by § 362(b)(4). Thus, there is no stay violation under § 362(k).

**3.     Enforcement of a Monetary Judgment**

The Third Circuit in *Penn Terra* explained that the "mere *entry* of a money judgment by a governmental unit is not affected by the automatic stay", if such a judgment is "related to that government's police or regulatory powers." *Penn Terra* at 275. A proceeding for entry of a money judgment is not, however, the equivalent of a proceeding to "*enforce* that money judgment." *Id.* The Third Circuit explained what an enforcement action entails by stating that the "paradigm for such a proceeding [to enforce a money judgment] is when, having obtained a judgment for a sum certain, a plaintiff attempts to seize property of the defendant in order to satisfy that judgment." *Id.* It is that attempt to seize the property of the debtor, without the authorization of the bankruptcy court, which would constitute a violation of the automatic stay. *Id.* Even if such enforcement of the judgment is prevented by the automatic stay, the government can still pursue the claim to the point of the entry of a money judgment, without violating the automatic stay. *Id.* at 275. In other cases, the Third Circuit has recognized that the entry of a judgment for a government claim is not such a seizure of property. *See, e.g., U.S. v.*

*Nicolet, Inc.,* 857 F.2d 202, 209 (3d Cir. 1988). The Third Circuit, in *Nicolet*, positively cited a number of cases from other circuits, noting that "once proceedings are excepted from the [automatic] stay by section 362(b)(4), courts have allowed governmental units to fix the amount of penalties, up to and including *entry* of a money judgment." *Id.* (quoting *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934 (6th Cir. 1986). The Third Circuit went on to note that: "[i]n each of these [cited] cases the relief sought was monetary rather than prospective; yet in each case the government regulatory agency was permitted to maintain its action up to the point of judgment." *Id.; See also In re Wheeling-Pittsburgh Steel Corp.,* 63 B.R. 641, 643 (Bankr. W.D.Pa. 1986) (". . .the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.") (citing *Penn Terra* at 272); *See also Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 389 (3d Cir. 1987) ("Thus, although the stay does not operate against actions or proceedings by governmental units 'attempting to fix damages for violation of such a [health and safety] law' . . . it does prevent a governmental unit from enforcing a money judgment.").

The U.S. District Court for the Southern District of Iowa succinctly explained why the entry of a monetary judgment should be allowed under the § 362(b)(4) exception to the automatic stay, even when enforcement of that judgment is not allowed, stating in part that:

> . . . allowing proceedings to proceed to the point at which judgment is entered will not interfere with the bankruptcy court's control of the bankruptcy estate. Thus, plaintiff will not obtain an unfair preference, but proper consideration of a liquidated debt. This also supports the conclusion that proceedings up to judgment entry fall within the governmental police powers exception. *E.E.O.C. v. Rath Packing Co.*, 37 B.R. 614, 617 (S.D.Iowa 1984) (*aff'd* in relevant part, *rev'd* on other grounds) (citing *Missouri v. United States Bankruptcy Court*, 647 F.2d 768, 776 (8th Cir. 1981); *In re Mansfield Tire & Rubber Co.*, 660 F.2d 1108, 1113 (6th Cir. 1981); *SEC v. First Fin. Group*, 645 F.2d 429, 439 (5th Cir. 1981); *N.L.R.B. v. Evans Plumbing Co.*, 639 F.2d 291, 293 (5th Cir. 1981)).

Thus, in the instant case, where the Attorney General seeks to have the entry of a money judgment issued in state court, but has not sought to enforce the judgment against the Debtor,

there has been no violation of the automatic stay. The pre-petition assets of the Debtor are in the possession and control of the bankruptcy court. While any enforcement action undertaken by the Attorney General to recover against the Debtor's assets must be done through the mechanisms provided for in the Bankruptcy Code, the entry of a money judgment in state court does not constitute a violation of the automatic stay.

**Conclusion**

In sum, I find that the Attorney General's institution of a state court action against the Debtor falls within the § 362(b)(4) exception to the automatic stay provided for by the Bankruptcy Code. I find that no violation of the automatic stay has occurred, nor can I find that such a violation will occur, up to and including the point of the entry of a monetary judgment against the Debtor. The Debtor's counterclaim is therefore denied.

An Order will be entered consistent with this Opinion.

Date: August 7, 2008

_Robert N. Opel, II, Bankruptcy Judge_

*This opinion is electronically signed and filed on the same date.* (BI)